
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

```
******************************************************************
                             *
UNITED STATES OF AMERICA     *      CR 06-10005
                             *
         Plaintiff,          *
                             *
vs.                          *      OPINION AND ORDER
                             *
WILLIAM JOHNSON, JR.,        *
                             *
         Defendant.          *
                             *
******************************************************************
```

Defendant was sentenced to five years probation and $29,817.17 restitution for failure to pay child support. Defendant has filed a motion to satisfy his restitution judgment and release him from supervision. In support of his motion he has shown that, in exchange for $5,000 and termination of his parental rights, the victim released and discharged defendant from all past due child support. The Agreement was approved by Circuit Court Judge Scott Myren. The South Dakota Department of Social Services, Division of Child Support, notified defendant that, based upon the agreement, "all arrears have now been paid" and that it has closed its file. The government resists the motion.

The United States Court of Appeals dealt with a similar situation last summer in United States v. Boal, 534 F.3d 965 (8th Cir. 2008). In Boal, the defendant was ordered to pay restitution to her victim of mail fraud in the amount of $148,657.60. When the balance owing was reduced to $29,828.80, the defendant and the victim entered into a "satisfaction of restitution and release of claims agreement" wherein, in exchange for half of the amount owing, the victim released any claim for the remaining balance. Upon the refinance of defendant's home several years later, the finance company paid $29,828.80 to the U.S. Attorney's Office to satisfy the outstanding restitution lien upon defendant's home. The defendant thereafter filed a motion for the release of those funds to her based upon the victim's release. The District Court ordered that

the funds be turned over to the mortgage company to be applied to reduce the defendant's mortgage. United States v. Boal, 534 F.3d at 967-68.

The Eighth Circuit held in Boal that the district court correctly determined that 1) "[a defendant's] restitution obligation is to the government and cannot be waived or excused by [the victim]" and (2) "allowing defendants and victims to negotiate settlements of restitution violates public policy." United States v. Boal, 534 F.3d at 967. The district court in Boal had determined that, under the circumstances, it would be unjust to turn the proceeds over to the victim. The Eighth Circuit observed that, after the proceeds were paid over to the victim, the defendant may have a state law claim against the victim based upon the release agreement. Id. at 969.

The United States Supreme Court has observed that

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution . . . "Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose."

Kelly v. Robinson, 479 U.S. 36, 52, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986) (holding that state court criminal restitution obligations are not subject to discharge in bankruptcy).

In this case, restitution was imposed pursuant to 18 U.S.C. § 3663. "Private parties cannot simply agree to waive the application of a criminal statute . . . the law will not tolerate privately negotiated end runs around the criminal justice system." United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993).

18 U.S.C. § 3664(j)(2)(B) provides that the restitution imposed "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . any State civil proceeding, to the extent provided by the law of the State." The $5,000 paid to the victim presumably was to compensate the victim for unpaid child support. However, the remaining

2

compensation paid to the victim - the termination of defendant's parental rights, thus allowing the victim's husband to adopt the children - did not compensate the victim for past child support.

> "[T]he effect of a civil settlement on a criminal restitution order "depends upon what payment was made in the settlement, whether the claims settled involved the same acts of the defendants as those that are predicated on their criminal convictions, and whether the payment satisfies the penal purposes the district court sought to impose."

United States v. Sheinbaum, 136 F.3d 443, 448 (5th Cir. 1998) (*quoting* United States v. Rico Indus., 854 F.2d 710, 715 (5th Cir. 1988)). The victim's so-called release of any future claim for restitution does not warrant an offset for the remaining restitution balance.

In 1986, Congress enacted 42 U.S.C. § 666(a)(9)[1] which required the States, at the risk of losing federal funds, to enact laws prohibiting the retroactive modification of child support judgments. PL 99-509, Title IX, Subtitle A, § 9103(a). South Dakota soon thereafter enacted SDCL 25-7-7.3, which now reads:

> Any *past due support payments are not subject to modification by a court or administrative entity of this state*, except those accruing in any period in which there is pending a petition for modification of the support obligation, but only from the date that notice of hearing of the petition has been given to the obligee, the obligor, and any other parties having an interest in such matter. (Emphasis added)

---

[1] (9) Procedures which require that any payment or installment of support under any child support order, whether ordered through the State judicial system or through the expedited processes required by paragraph (2), is (on and after the date it is due)--

(A) a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced,

(B) entitled as a judgment to full faith and credit in such State and in any other State, and

(C) not subject to retroactive modification by such State or by any other State;

except that such procedures may permit modification with respect to any period during which there is pending a petition for modification, but only from the date that notice of such petition has been given, either directly or through the appropriate agent, to the obligee or (where the obligee is the petitioner) to the obligor.

3

The South Dakota Supreme Court has interpreted this statute to mean that, once a child support payment is missed, it becomes a judgment as a matter of law, not subject to retroactive modification. Houser v. Houser, 535 NW2d 882, 885 (S.D. 1995). What the State Court did in this case was not a modification of the defendant's past due obligation. Instead, the State Court approved a settlement of a past due support judgment. We know, of course, that no state court order can in any way alter or overturn the judgment of a federal court. Thus, anything to the effect in any state court order that "any outstanding child support arrearages" are terminated is of no legal effect in federal court.

The federal sentence and judgment was entered on April 3, 2007. The defendant was placed on probation for five years, based upon his representations that he wanted time to pay his child support. In the absence of such representations, he would have been sentenced to a term of custody. He and the mother and her new husband now attempt an "end run" on the judgment of this court and this is not to be permitted.

Now, therefore

IT IS ORDERED that the motion, Doc. 44, to satisfy defendant's monetary obligations and release him from probation is denied.

Dated this 24th day of March, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara Waepke
                        DEPUTY
(SEAL)

4